UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILBERT HARE, ON BEHALF OF HIMSELF
AND 65 SIMILARLY SITUATED MEMBERS
OF UNITED AUTO WORKERS LOCAL UNION
NO. 668 AND EMPLOYEES OF THE GENERAL
MOTORS CORPORATION,

      Plaintiffs,                     Case Number 15-12043
v.                                       Honorable David M. Lawson

INTERNATIONAL UNION UNITED AUTOMOBILE,
AEROSPACE, AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA (UAW), and GENERAL
MOTORS LLC,

      Defendants.
_____/

**ORDER GRANTING MOTION TO WITHDRAW AND ORDERING THE PLAINTIFF TO FIND REPLACEMENT COUNSEL WITHIN THIRTY DAYS**

      This matter is before the Court on attorney Mandel I. Allweil's motion to withdraw as counsel of record in this putative class action. It appears that there is a disagreement between Mr. Hare, the named plaintiff, and Mr. Allweil as to the manner in which to proceed in this case. The Court heard oral argument on November 19, 2015 and has reviewed the motion and finds that attorney Allweil has shown good grounds for the Court to allow his withdrawal. The Court therefore will grant attorney Allweil's motion.

      However, the plaintiff is now without counsel. Mr. Hare cannot proceed *pro se* on behalf of a putative class action "[b]ecause, by definition, *pro se* means to appear on one's own behalf, a person may not appear *pro se* on another person's behalf in the other's cause of action." *Cavanaugh ex rel. Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 755 (6th Cir. 2005), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City. Sch. Dist.*, 550 U.S. 516, 127 (2007);

*see also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct *their own cases* personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.") (emphasis added).

Mr. Hare, of course, can pursue his claims on his own behalf, but thus far this case has been presented as a putative class action. If Mr. Hare wishes to continue pursuing this case with the intention of certifying a class, he must obtain counsel. *See* Fed. R. Civ. P. 23(g). Mr. Hare is not an attorney and therefore cannot represent a class as a *pro se* litigant. Therefore, the Court will allow the plaintiff thirty days to find suitable counsel to appear in this case or elect to proceed on an individual basis. If no new counsel appears for the plaintiff, or Mr. Hare does not file an amended complaint deleting the class references, the case will be dismissed without prejudice.

Accordingly, it is **ORDERED** that attorney Mandel I. Allweil's motion to withdraw as counsel of record for the plaintiff [dkt. #19] is **GRANTED**. The appearance of attorney Allweil as counsel of record for the plaintiff is **WITHDRAWN**, and attorney Allweil is relieved of any further responsibility to the Court in this matter.

It is further **ORDERED** that the plaintiff must find suitable counsel to represent him and the class in this case or the case will be dismissed without prejudice. The attorney must file an appearance with the Court **on or before December 21, 2015**.

It is further **ORDERED** that motion hearing set for December 8, 2015 at 2:00 p.m. is adjourned until further notice of the Court.

                                                s/David M. Lawson
                                                DAVID M. LAWSON
                                                United States District Judge

Dated:   November 20, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 20, 2015.

                              s/Susan Pinkowski
                              SUSAN PINKOWSKI